IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIE LAWYER BYNES, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 11-759-GMS |
| | ) |
| JUDGE ROBERT B. YOUNG, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Willie Lawyer Bynes, III ("Bynes"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 3.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 6.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I. BACKGROUND**

Bynes filed this complaint pursuant to 42 U.S.C. § 1983 alleging that the defendant Judge Robert B. Young ("Judge Young"), who presided over a criminal matter, violated his constitutional rights when he dismissed a habeas corpus motion, denied motions to suppress, and illegally detained Bynes for a second preliminary hearing. Bynes alleges that the defendants deputy attorney general Kathleen Dickerson ("Dickerson") and private attorneys Alexander W. Funk ("Funk") and Adam D. Windett ("Windett") tampered with evidence of the amount of drugs Bynes allegedly possessed. Bynes claims the amount "clearly shows not trafficking," that the charges should have been dropped. Finally Bynes alleges unprofessionalism, racial profiling, defamation, and slander. Bynes seeks compensatory damages. (D.I. 3.)

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Bynes proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R.

2

Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Bynes leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Bynes has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege Bynes's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of

---

[1] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

3

misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. Judicial Immunity

Bynes alleges that Judge Young violated his constitutional rights when making rulings in Bynes' criminal case. Judges are protected by absolute immunity for all judicial acts except those made in the clear absence of jurisdiction. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts within their judicial jurisdiction." *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985); *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009). Judicial immunity provides complete immunity from suit, not merely from an ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). A judge is entitled to immunity even where "the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-67 (1978).

Here, the allegations against Judge Young relate to his actions as a judge. Moreover, the complaint does not set forth any facts alleging that Judge Young acted in the absence of jurisdiction. The claims against Judge Young have no arguable basis in law or in fact and will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

### B. Prosecutorial Immunity

Bynes alleges in a conclusory manner that deputy attorney general Dickerson tampered with evidence because an ME report indicated a net weight of 0.59 grams of cocaine that, in

4

Bynes' opinion, "clearly shows not trafficking." Exhibits attached to his complaint indicate that, under the direction of the Delaware State Police Drug Unit, a confidential informant made purchases of controlled substances from Bynes.

Prosecutors should not be encumbered by the threat of civil liability while performing judicial or quasi-judicial functions. *See Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008). A prosecutor enjoys absolute immunity from liability for actions taken in connection with judicial proceedings. Odd, 538 F.3d at 208 (citations omitted), *aff'd sub. nom., Schneyder v. Smith*, 653 F.3d 313 (3d Cir. 2011). This generally means activities conducted in court, such as presenting evidence or legal arguments. *Giuffre v. Bissell*, 31 F.3d 1241, 1251 (3d Cir. 1994) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Prosecutorial activities outside the courtroom receive the same protection only if they are "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (quoting *Imbler*, 424 U.S. at 430).

The fact that an individual is employed as a prosecutor, however, does not mean the prosecutor is immune from suit for every wrong committed. *See Schneyder v. Smith*, 653 F.3d 313, 331 (3d Cir. 2011). The "inquiry focuses on 'the nature of the function performed, not the identity of the actor who performed it.'" *Odd*, 538 F.3d at 208 (quoting *Light v. Haws*, 472 F.3d 74, 78 (3d Cir. 2007)). "The court must ascertain just what conduct forms the basis for the plaintiff's cause of action, and it must then determine what function (prosecutorial, administrative, investigative, or something else entirely) that act served." *Id.* The court "focuses on the unique facts of each case" and carefully dissects the prosecutor's actions. *Id.* (citations omitted).

Here, Bynes alleges in a conclusory manner that Dickerson somehow tampered with evidence because, in his opinion, the amount of drugs did not rise to the level of drug trafficking. The conclusory allegations against Dickerson do not meet the pleading standards of *Iqbal* and *Twombly*. To the extent that said ME report was admitted into evidence by Dickerson, this refers to an act occurring during a judicial proceeding that required advocacy on the party of Dickerson and thus, she enjoys prosecutorial immunity.

The claims against Dickerson have no arguable basis in law or in fact and will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## C. State Actors

Bynes names as defendants private attorneys Funk and Windett. As a private attorneys, Funk and Windett are not state actors for purposes of § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that public defenders do not act under color of state law); *Steward v. Meeker*, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client); *Thomas v. Howard*, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).

In addition, there are no allegations in the complaint that give rise to a plausible inference that private attorneys Funk and Windett acted under color of state law or conspired with state actors to deny Bynes his constitutional rights. Accordingly, Bynes cannot recover under § 1983. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175-76 (3d Cir. 2010) (holding that "[t]o prevail on a § 1983 claim, a plaintiff must allege that the defendant acted under color of state law, in other words, that there was state action."); *see also Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 245 (3d Cir. 2005).

The claims against Funk and Windett fail as a matter of law. Inasmuch as the claims have no arguable basis in law or in fact, they will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

**D. Habeas Corpus**

Bynes is an incarcerated individual. To the extent that Bynes attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *see also Torrence v. Thompson*, 435 F. App'x 56 (3d Cir. 2011) (not published). Furthermore, a plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

In *Heck*, the Supreme Court held that where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence. Considering *Heck* and summarizing the interplay between habeas and § 1983 claims, the Supreme Court explains that, "a state prisoner's § 1983 action is barred (absent prior invalidation) -no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

7

Here, Bynes has not alleged or proven that his conviction or sentence was reversed or invalidated as provided by *Heck*. To the extent Bynes seeks damages for his current incarceration, his claim rests on an "inarguable legal conclusion" and is, therefore, frivolous. *Neitzke*, 490 U.S. at 326.

## IV. CONCLUSION

For the above reasons, the court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the claim would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate order will be entered.

CHIEF UNITED STATES DISTRICT JUDGE

_Jun 6_, 2012
Wilmington, Delaware